## KITCHEN v. UNITED STATES.
### No. 11371.

United States Court of Appeals
District of Columbia Circuit.

Argued May 20, 1953.

Decided June 26, 1953.

James J. Laughlin and Albert J. Ahern, Jr., Washington, D. C., for appellant.

William R. Glendon, Asst. U. S. Atty., at

time of argument, Washington, D. C., with whom Leo A. Rover, U. S. Atty., Washington, D. C., was on the brief, for appellee. Charles M. Irelan, U. S. Atty., Joseph M. Howard and William E. Kirk, jr., Asst. U. S. Attys., at time record was filed, Washington, D. C., also entered appearances for appellee.

Before EDGERTON, WILBUR K. MILLER and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

This appeal is from a conviction of first degree murder. The indictment charged that the defendant mortally wounded one Hysan in robbing him of his clothes. Hysan died shortly after he was found unconscious, nearly naked, and badly beaten, locked in appellant's hotel room. Some of Hysan's clothes were afterwards seen in appellant's possession, and there was other evidence against him.

"Although the indictment charged murder in the first degree, the appellant could have been found guilty thereunder of murder in the second degree * * *, since a defendant may be found guilty of any offense necessarily included in the crime charged in the indictment." Goodall v. United States, 86 U.S.App.D.C. 148, 151, 180 F.2d 397, 400, 17 A.L.R.2d 1070.[1] The court told the jury that "murder in the second degree is a killing with malice aforethought but without purpose or intent to kill." The limitation, "without purpose or intent to kill," was erroneous. An intentional killing that is not premeditated and not connected with another crime is murder in the second degree.[2] Weakley v. United States, 91 U.S.App.D.C. 8, 198 F.2d 940.

---

1. Goodall, like the appellant, was charged with killing in an attempt to rob. The evidence against the present appellant would have warranted a conviction of second degree murder, though the evidence against Goodall would not.

2. "Whoever * * * kills another purposely, either of deliberate and premeditated malice * * * or in perpetrating or attempting to perpetrate any offense punishable by imprisonment in the pen-

itentiary, or without purpose so to do kills another in perpetrating or in attempting to perpetrate any * * * robbery * * * is guilty of murder in the first degree." D.C.Code (1951) § 22–2401. Section 22–2402 is irrelevant here. "Whoever with malice aforethought, except as provided in sections 22–2401, 22–2402, kills another, is guilty of murder in the second degree." § 22–2403.

█ The jury may have thought the appellant killed Hysan intentionally. If the jury had known it could convict an intentional killer of second degree murder, it might have returned a verdict of second degree murder. With a man's life at stake, we have no right to assume the contrary. "From presuming too often all errors to be 'prejudicial,' the judicial pendulum need not swing to presuming all errors to be 'harmless' if only the appellate court is left without doubt that one who claims its corrective process is, after all, guilty." Bollenbach v. United States, 326 U.S. 607, 615, 66 S.Ct. 402, 406, 90 L.Ed. 350.

Reversed and remanded for a new trial.