**162**

UNITED STATES of America

v.

Jack GREEN and General Laborers' Local No. 397 of Granite City, Illinois, a Labor Union and Voluntary Association of Workingmen Affiliated with International Hod Carriers Building and Common Laborers Union of America.

No. 5236.

United States District Court
S. D. Illinois, S. D.

Jan. 24, 1955.

John B. Stoddart, Jr., U. S. Atty., Marks Alexander, Robert Oxtoby, Asst. U. S. Attys., for the United States.

A. M. Fitzgerald, Springfield, Ill., Schaefer O'Neill, Alton, Ill., for defendants.

ADAIR, District Judge.

The Defendant Jack Green and the Labor Union Local No. 397 were found guilty by a jury of violating the Federal Anti-Racketeering Act. After the trial, motions for judgment of acquittal, new trial, and in arrest of judgment were duly filed and argued. The motions for judgment of acquittal and for new trial are denied, but the Court is of the opinion that the motion in arrest of judgment should be allowed for the following reasons:

1. That the Court is without jurisdiction of the offense because the facts alleged in the Indictment fail to set forth an offense against the United States such as to give this Court jurisdiction.

2. A proper construction of the Anti-Racketeering Act clearly indicates that it does not cover the type of activity charged in the Indictment, and to interpret the act in question as covering the type of activity charged in the Indictment is to extend the jurisdiction of the Court, and the power of Congress beyond their Constitutional limits.

The main difficulty that I find with this proceeding is the charge of the Indictment, and in this connection I am concerned only with Counts One and Two, under which the jury determined each of the Defendants were guilty. The pertinent provisions of the Indictment are as follows:

"the Defendants did * * * obstruct, delay and affect and attempt to obstruct, delay, and affect * * * interstate commerce * * * by extortion * * * by attempting to obtain from Arthur W. Terry, Jr., * * * his money in the form of wages to be paid for imposed, unwanted, superfluous, and fictitious services of laborers * * *, the attempted obtaining of said money * * * being then intended to be accomplished and accomplished with the consent of said Arthur W. Terry, Jr., * * * by the wrongful use * * * of actual and threatened force, violence and fear * * *."

The statute in question is Section 1951 of Title 18, U.S.C., commonly referred to as the Hobbs Act, or the Anti-Racketeering Act. Before arriving at my decision, I made a personal investigation as

to the intent of Congress in the passage of this Act. This statute was originally passed in 1934, and there have been surprisingly few decisions construing this statute since its original passage.

The original Act specifically excepted the activity of the use of threats or force to obtain the payment of wages by a bona fide employer to a bona fide employee. In United States v. Local 807, 1942, 315 U.S. 521, 62 S.Ct. 642, 86 L.Ed. 1004, the Supreme Court analyzed this exception in considerable detail, and held that the statute did not apply where a person had used threats of force or other violent means to either achieve the status of an employee for a member of his Union, or to secure wages for services. When the Hobbs Act was amended in 1946, no exception was made for cases where the property involved should be money demanded to be paid in the form of wages in the definition of extortion. Nevertheless, the Anti-Racketeering Act specifically provides that it is not to be construed to repeal, modify or affect the provisions of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–110, 113–115, and the Wagner Act, 29 U.S.C.A. § 151 et seq.

When the motion to dismiss this indictment was argued, the main attack was directed to whether or not sufficient allegations were made to show that interstate commerce had been affected to any degree. Very little if anything was said by the Defendants with respect to whether the charges of 'the indictment constituted a crime under the construction of Section 1951 of Title 18, U.S.C. At that time I sustained the indictment because in my opinion sufficient allegations as to interstate commerce were made.

It is now contended that the Indictment does not state a cause of action within the meaning of the above section. In the usual extortion case, the extorter is obtaining money or property of another for his own benefit. This has generally been true in the racketeering cases which have been tried within the Southern District of Illinois, the Eastern District of Illinois, and the Eastern District of Missouri. In those types of cases, the original demand is unlawful, and certainly the means to carry out the demand in those cases were unlawful and within the purview of the statute and the constitutional limits of Congress to enact statutes to protect interstate commerce. In the case at hand, I conclude that Green's original activity in "attempting to obtain from Arthur W. Terry, Jr., his money in the form of wages to be paid for imposed, unwanted, superfluous and fictitious services of laborers" which said charge was seriously controverted, was of itself not a violation of this statute, and within his rights and responsibilities as a Union representative, which was not prohibited by this statute.

The United States Supreme Court has recently held that a demand by a Union representative for "feather bedding" is not an unfair labor practice. American Newspaper Publishers Ass'n v. N.L.R.B., 1953, 345 U.S. 100, 73 S.Ct. 552, 97 L.Ed. 852; N.L.R.B. v. Gamble Enterprises, 1953, 345 U.S. 117, 73 S.Ct. 560, 97 L.Ed. 864. It seems incongruous that Congress intended that a lawful act on the part of Green in demanding money in the form of wages from the contractor to be paid for imposed, unwanted and fictitious services of laborers, accompanied by either threats of force or violence (which under State law constitute only misdemeanors) can be punished as a severe felony carrying a maximum of twenty years in the penitentiary under the Federal law.

When this Bill came before the House of Representatives it was argued in detail by the members of the Judiciary Committee, and without a dissenting voice they maintained that this particular Bill meant just what it said. It was a Bill against robbery and extortion and had nothing whatever to do with labor laws, and their provisions. For this Court now to say that when a labor organization or officer of said organization advocated and demanded the employment of labor, which had been customary and agreed to by contractors and laborers in this Community, was a violation of this

**164**

particular Act appears to me to be unreasonable.

After reading the Indictment, I concur with the decision of Judge George H. Moore, in the Eastern District of Missouri, United States v. Richard Kavner, in a similar Indictment, and I conclude that the trouble in this Community and on this particular job was caused by a disagreement between the contractor and labor, and was in no wise an attempt to extort for the use of either the Union or the Defendant Green, any money or property of the contractor.

This memorandum opinion is to be filed with the Clerk of the Court, together with the written order of this Court which has been entered today arresting judgment.