**UNITED STATES of America,
Plaintiff,**

v.

**Jack GREEN and General Laborers' Local No. 397 of Granite City, Illinois, etc., Defendants.**

**No. 5236.**

United States District Court
S. D. Illinois, S. D.
Aug. 24, 1956.

John B. Stoddard, Jr., U. S. Atty., Marks Alexander, Robert B. Oxtoby, Asst. U. S. Attys., Springfield, for plaintiff.

A. M. Fitzgerald, Springfield, Ill., and Schaefer O'Neill, Alton, Ill., for defendants.

PLATT, District Judge.

The defendants, Jack Green and General Laborers' Local 397 of Granite City, Illinois, a Labor Union, etc., were indicted on nine counts. The first eight counts charged a violation of 18 U.S.C.A. § 1951, and the ninth count charged a conspiracy. 18 U.S.C.A. § 3731. The defendants were tried by a jury on three substantive counts and the conspiracy count. The Honorable J. Leroy Adair was the presiding trial judge. The jury found the defendants guilty on two counts, which charged in substance that the defendants attempted to extort from an employer engaged in repair work on an interstate waterway, his money, in the form of wages to be paid for imposed, unwanted, superfluous, and fictitious services. There was no charge that defendants were seeking personal gain but only to extort wages for "featherbedding".

The defendants filed a motion for acquittal before the verdict. The decision on it was reserved by Judge Adair. Rule 29(b) Federal Rules Criminal Procedure, 18 U.S.C.A. After the verdict the defendants filed a motion for new trial. Judge Adair heard arguments and denied these motions, but allowed a motion for each defendant in arrest of judgment by written order. D.C., 135 F.Supp. 162. The order was based upon lack of jurisdiction of the offense on two grounds,

(1) The indictment did not charge facts to set forth a violation of Section 1951, and

(2) If the act covered the activity alleged it was unconstitutional.

This portion of the order is set forth verbatim by the Supreme Court in United States v. Green, 350 U.S. 415, 76 S.Ct. 522. The government appealed directly to the Supreme Court by virtue of 18 U.S.C.A. § 3731.

The Supreme Court issued a mandate which in part stated:

"[T]hat this cause be, and the same is hereby, remanded to the United States District Court for the Southern District of Illinois for proceedings in conformity with the opinion of this court."

At this stage of the proceedings this court was assigned to the case due to the death of Judge Adair.

The defendants insist that Rule 25 of Fed.Rules Crim.Proc. is applicable and that this court is duty bound to review the evidence and when the verdict is manifestly against the weight of the evidence grant a new trial. Rule 25 provides:

"If by reason of absence from the district, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."

The rule requires this court "to perform the duties to be performed by the court after a verdict". In the instant case the trial judge denied both a motion for new trial and for acquittal. After a reversal of the order allowing a motion in arrest of judgment the only duty to be performed is to pronounce sentence. If this court were to again consider these motions it would be acting as a court of review. Denial of a motion for new trial is within the discretion of the court. It is not reviewable where no error in ruling on evidence or in the charge to the jury is assigned. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129.

Counsel for defendants have quoted from the opinion of the Supreme Court in an attempt to establish that Judge Adair did not actually rule on the motions for new trial or for acquittal, but merely denied these motions "logically" to allow the motion in arrest of judgment. Of course, the Supreme Court could only pass upon the sufficiency of the indictment under 18 U.S.C.A. § 3731. Judge Adair entered an order, after hearing argument, unequivocally denying motion for new trial and motion for acquittal, and the Supreme Court recognized this in its opinion. At page 417 of 350

U.S., at page 524 of 76 S.Ct., the Supreme Court said:

"Appellees each filed motions for acquittal or in the alternative for a new trial. These the trial court specifically denied. The opinion of the trial court, D.C., 135 F.Supp. 162, says nothing as to failure of evidence to support the allegations of the indictment, or as to trial errors. Instead the court relied upon the absence of criminality in the acts charged, and it was therefore logical for the trial court to deny acquittal and new trial. The court thought persuasive our recent cases which held union efforts to secure 'made work' for their members were not unfair labor practices. From its view that extortion as defined in the Hobbs Act covers only the taking of property from another for the extortioner's personal advantage, the necessity to arrest the judgment followed. Rule 34, Fed.Rules Crim. Proc., 18 U.S.C.A.

"We do not agree with that interpretation of the section. The Hobbs Act was passed after this Court had construed § 2 of the Federal Anti-Racketeering Act of 1934, 48 Stat. 979, in United States v. Local 807, 315 U.S. 521, 62 S.Ct. 642, 86 L.Ed. 1004. * * *"

In view of the necessity of this court to review the record to determine the sentence to be imposed this court has examined the transcript of the evidence as requested by the defendants to determine if a new trial should be granted. At the outset it must be observed that the defendants claim no error by the trial court on rulings on evidence or in the charge to the jury. The brief and argument presented by the defendants maintain that the verdict was against the manifest weight of the evidence on two essential issues of the indictment:

1. "[O]f attempts to obtain from the particular employer 'his money, in the form of wages to be paid for

imposed, unwanted, superfluous and fictitious services of laborers commonly known as swampers in connection with the operation of machinery and equipment * * * for maintenance work on said levee * * *."

2. Use of "force and violence or even threats of force and violence."

A new trial should not be granted if there is substantial evidence to support the verdict. In determining whether there was substantial evidence the trial court must consider the evidence most favorable to the government together with all reasonable inferences which can be deduced therefrom. United States v. Haynes, D.C., 81 F.Supp. 63. It is not the duty of the trial judge to grant a new trial "unless he is convinced that no reasonable man can think the evidence sufficient beyond a reasonable doubt * * *." Bain v. United States, 6 Cir., 262 F. 664, 666, certiorari denied 252 U.S. 586, 40 S.Ct. 396, 64 L.Ed. 729. Also see United States v. Daubner, D.C., 17 F. 793. Weight should be given to the decision of the presiding judge in denying the motion for new trial since he saw the witnesses and heard them testify. See Patton v. Baltimore & Ohio R. Co., D.C., 120 F.Supp. 659, affirmed 3 Cir., 214 F.2d 129.

 The issues were controverted but the transcript of evidence discloses that the government established the charge in the indictment. The defendants did attempt by extortion to obtain from Mr. Terry the employment of superfluous labor on his machine. When Mr. Terry wanted to proceed with his contract in March, 1953 and asked "What are you going to do then?" Mr. Green replied according to his own testimony "Never you mind, I will stop you." This in itself was a threat in violation of the Anti-Racketeering Act. United States v. Floyd, 7 Cir., 228 F.2d 913. Mr. Green's threat coupled with the display of at least 150 men on the scene of the project when Mr. Terry's machine was stopped clinched the proof of the government on this issue. As defendants' counsel ar-gues there was no actual violence, but actual violence was not a necessary element of the crime. It would only serve to prolong this memorandum to discuss the evidence further. This court has carefully reviewed the transcript and is convinced not only that there was substantial evidence to uphold the verdict, but also that the defendants were given a fair and impartial trial. It would not be in the interest of justice to grant a new trial.

Whether this court is compelled to review the evidence or not, the motion for new trial must be denied.