**Frank B. WILSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 1461.**

United States Court of Appeals District of Columbia Circuit.

June 28, 1960.

See also D.C., 178 F.Supp. 881.

Mr. Maurice M. Jansky (appointed by this court), Washington, D. C., was on the pleadings for petitioner.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the pleadings for respondent.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER, and DANAHER, Circuit Judges, in chambers.

PER CURIAM.

Petitioner seeks leave of this court to appeal in forma pauperis from his conviction of second degree murder. Court-appointed counsel argues that such an appeal should be allowed because the trial judge failed to instruct the jury on the government's burden of proof of sanity.

Petitioner's sanity was presumed (and no instruction required) until "some evidence" of his insanity was introduced. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895); Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612 (1951). In this case petitioner's testimony was as follows:

"Q. Mr. Wilson, will you tell us why you don't remember shooting Florence Smith and the various incidents which the police say you related to them? A. The only thing I can say, to me it had to be some sort of temporary insanity, some sort of insanity. I mean the way I felt toward this girl and the way we had been getting along, this thing, if it wasn't me sitting here it would be ridiculous.

"Q. Mr. Wilson, did you on the morning of February 20, 1959, have any intention or desire to kill Florence Smith? A. No, sir; not that morning or any morning."

Petitioner's statement to the police that at the time of the shooting he "saw red" was also introduced. Nothing else concerning insanity appears in the evidence. Petitioner's trial counsel did not request an instruction on insanity.

The testimony presented to the trial court, above quoted, while it might amount to a *plea* of insanity, standing alone does not constitute such evidence of insanity as to require that the jury be instructed as to its effect in the case. It is therefore,

Ordered by the court that the petition is denied as frivolous.