Paul O. **HANSBOROUGH**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16998.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 10, 1962.

Decided Sept. 27, 1962.

As Amended Oct. 22, 1962.

Mr. Jerrold Scoutt, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Robert A. Levetown, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty. at the time of argument, were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and DANAHER and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

The appellant, Paul O. Hansborough, was indicted for murder in the first degree and convicted by the jury of the lesser included offense of murder in the second degree. Alleging that the evi-

dence required a verdict of first degree murder or acquittal, Hansborough asks the reversal of his conviction. We affirm.

Hansborough and one Jenkins, after a misunderstanding about change for five dollars, engaged in a fight during which, at various times, the combatants used a two-by-four, a knife, a grease gun, a pistol, and a rifle. Appellant eventually killed Jenkins with the rifle. The homicide occurred in front of Hansborough's house some minutes after the initial fighting had apparently subsided. It developed, however, that appellant had merely returned home and obtained his rifle to equalize Jenkins' pistol. At the time of the murder Jenkins was leaving the scene in his car. Appellant stopped the car and killed Jenkins simply by putting the barrel of the rifle through the window, aiming it at his victim, and pulling the trigger.[1]

■ In a record devoid of appealable points and with evidence of guilt overwhelming, Hansborough is relegated now to attacking the court's charge for the first time, alleging impropriety in submitting the case to the jury on the lesser included offenses of murder in the second degree and manslaughter [2] in addition to the first degree murder as charged. Since no exception was taken to the charge, he invokes the plain error rule.[3] His argument is that the indictment charged first degree murder, that the Government tried the case as such, and that the facts as presented required the jury to conclude either that he was guilty of murder in the first degree or that he killed in self defense and was therefore not guilty. We find that the evidence required the trial court to submit the case to the jury as it did. Indeed, we find that, on these facts, it would have been reversible error had the court failed to submit the case on, and instruct the jury

1. The facts are detailed in appellant's brief, as follows:

In the early morning of August 27, 1961, at 2832 Robinson Place, S. E., Washington, D. C., Jenkins and Hansborough fell into an argument over the accuracy of change given by the former to the latter, apparently the aftermath of a crap game, and the argument led to a fight. Jenkins, who was 180 pounds, 5 feet 11 inches, hit Hansborough, who is 5 feet 4 inches, with a two-by-four; Hansborough countered with a knife. At this point, Jenkins got a pistol from the trunk of his car, held it to Hansborough's head, and threatened to kill him. He was dissuaded. Hansborough begged his pardon, and the fight broke up.

At this point Hansborough walked into the house, made arrangements for another person to take his girl friend home, and then walked or trotted to his own residence at 2607 12th Place, S. E., a short distance away.

According to Hansborough, he went to his dump truck parked by his home, let down the dump body, picked up a rifle which he kept in the truck, and started into his house. Jenkins then came driving down the road, fired at Hansborough who ran and fired two shots in self defense, killing Jenkins. He then called to his wife to get the police.

According to Paul Dunmore, the Government's witness who was present at

the time of the Jenkins-Hansborough fight at 2832 Robinson Place, and was a passenger in the Jenkins-driven automobile, just prior to the shooting, the facts were quite different. Dunmore testified that Hansborough stepped in front of Jenkins' car, stuck a rifle in the window, and told Dunmore to leave if he did not want to get shot. Dunmore wisely left, but before leaving noticed that Jenkins' pistol was lying on the front seat, wrapped in a bedspread. When he returned, after the shooting, there was nothing in Jenkins' hand. While Dunmore witnessed none of the shooting, he did hear it, and he heard only two shots. Two shots, however, had been fired from Jenkins' pistol, which the investigating officer found unwrapped and lying on the seat by Jenkins when he arrived; it was not possible, however, to determine whether the pistol had been recently fired.

2. Since a verdict of manslaughter was not returned, the instruction as to manslaughter, if error, was non-prejudicial. Goodall v. United States, 86 U.S.App. D.C. 148, 180 F.2d 397, 17 A.L.R.2d 1070, cert. denied, 339 U.S. 987, 70 S.Ct. 1009, 94 L.Ed. 1389.

3. Rule 52(b), F.R.Cr.P., 18 U.S.C.A., reads: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

with respect to, the lesser included offenses.

██ In the District of Columbia, "Whoever, being of sound memory and discretion, kills another purposely, either of deliberate and premeditated malice or by means of poison, * * * is guilty of murder in the first degree."[4] "Whoever with malice aforethought, * * * kills another, is guilty of murder in the second degree."[5] Manslaughter is unlawful homicide without malice. The distinguishing characteristic of first degree murder is deliberate, premeditated, intentional killing.[6] The killing in second degree murder may be intentional or unintentional.[7] It must, in either event, result from a willful and malicious act.[8] Thus, with the exceptions stated in the first degree murder statute, D.C.Code, § 22–2401, where there is an unjustified intentional killing, not premeditated but with malice, the offense is murder in the second degree.[9] An unintentional killing which results from a willful and malicious act other than those specified in the first degree murder statute, D.C.Code, § 22–2401, is likewise murder in the second degree.[10]

██ The facts here show a fight with a short cooling-off period, followed by the killing of one of the combatants by the other. Appellant makes much of this cooling-off period, this interval of time, as tending to prove, if anything, only premeditated murder. But the verdict, he argues, indicates the jury's rejection of the Government's indictment of premeditated murder, and the acceptance, at least on the part of some of the jurors, of the defendant's submission that he killed in self defense when Jenkins attempted to renew the fight by firing on him first. He suggests that the court, by instructing on the lesser included offenses contrary to the evidence, gave the jury an opportunity to compromise, to arrive at common ground between those jurors who may have insisted on a verdict of guilty as charged and those who would accept the suggestion of self defense and acquit. Thus appellant maintains that he stands convicted of a crime with which he was not charged and of which, as a matter of law, he is not guilty.

██ The evidence in any case, of course, must support any submission the court makes to the jury in its instruc-

---

4. The full text of the statute reads: "Whoever, being of sound memory and discretion, kills another purposely, either of deliberate and premeditated malice or by means of poison, or in perpetrating or attempting to perpetrate any offense punishable by imprisonment in the penitentiary, or without purpose so to do kills another in perpetrating or in attempting to perpetrate any arson, as defined in section 22–401 or 22–402, rape, mayhem, robbery, or kidnapping, or in perpetrating or attempting to perpetrate any housebreaking while armed with or using a dangerous weapon, is guilty of murder in the first degree." D.C.Code, § 22–2401.

5. The full text of the statute reads: "Whoever with malice aforethought, except as provided in sections 22–2401, 22–2402, kills another, is guilty of murder in the second degree." D.C.Code, § 22–2403.

6. Collazo v. United States, 90 U.S.App. D.C. 241, 245–247, 196 F.2d 573, 577–578, cert. denied, 343 U.S. 968, 72 S.Ct. 1065, 96 L.Ed. 1364; Bullock v. United States, 74 App.D.C. 220, 221, 122 F.2d 213, 214, cert. denied, sub nom. Bullock v. Rives, Superintendent, 317 U.S. 627, 63 S.Ct. 39, 87 L.Ed. 507; Lee v. United States, 72 App.D.C. 147, 149, 112 F.2d 46, 48.

7. Kitchen v. United States, 92 U.S.App. D.C. 382, 205 F.2d 720; Weakley v. United States, 91 U.S.App.D.C. 8, 198 F.2d 940.

8. Malice is a condition of mind which prompts a person willfully to injure another. Fryer v. United States, 93 U.S. App.D.C. 34, 38, n. 18, 207 F.2d 134, 138, n. 18.

9. Kitchen v. United States, supra, 92 U.S. App.D.C. at 382–383, 205 F.2d at 721.

10. Green v. United States, 95 U.S.App. D.C. 45, 218 F.2d 856; Lee v. United States, supra, 72 App.D.C. at 149, 112 F.2d at 48; Marcus v. United States, 66 App.D.C. 298, 304, 86 F.2d 854, 860; United States v. Wilson, D.D.C., 178 F. Supp. 881, 884, appeal dismissed, 109 U.S.App.D.C. 337, 288 F.2d 121

tions.[11] If the evidence precludes the legal possibility of guilt of a lesser included offense, then it would be error to submit the case to the jury on such offense. For example, in a felony murder case where the statute [12] requires a verdict of murder in the first degree irrespective of premeditation, in the absence of special circumstances, instruction on lesser included offenses would be wrong.[13] Due process commands that an accused be tried, and the jury instructed, on the facts as disclosed in the record. "Congress did not intend to invest juries in criminal cases with power arbitrarily to disregard the evidence and the principles of law applicable to the case on trial." Sparf and Hansen v. United States, 156 U.S. 51, 63, 15 S.Ct. 273, 39 L.Ed. 343.

Here the court's instruction was fully supported by the evidence. Under the facts as disclosed in the record, there is no way of knowing definitively whether Hansborough intended to kill, or merely wound, his victim. This circumstance alone justified, indeed required, the second degree murder instruction.[14] Moreover, on this record one cannot say with legal certainty that the interval between the fight and the killing was or was not, in the circumstances of this case, of sufficient duration to provide time for the premeditation required in first degree murder. This consideration, too, was for the jury.[15]

Court appointed counsel has ably and forcefully represented his client on appeal. The accused has had his day in court before an able and experienced trial judge who accorded him every protection the law requires. He should now serve his time.

Affirmed.

11. Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980.

12. See Note 4.

13. Green v. United States, supra, 95 U.S. App.D.C. 45, 218 F.2d 856. And see Coleman v. United States, 111 U.S.App. D.C. 210, 214, 295 F.2d 555, 559, cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L. Ed.2d 613. Compare Goodall v. United States, supra, 86 U.S.App.D.C. at 151, 180 F.2d at 400.

14. Compare Bishop v. United States, 71 App.D.C. 132, 107 F.2d 297.

15. Weakley v. United States, supra, 91 U.S.App.D.C. at 10, 198 F.2d at 942; Bostic v. United States, 68 App.D.C. 167, 170–171, 94 F.2d 636, 639–640, cert. denied, 303 U.S. 635, 58 S.Ct. 523, 82 L.Ed. 1095. Compare Aldridge v. United States, 60 App.D.C. 45, 46, 47 F.2d 407, 408, reversed on other grounds, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054.