504 P.2d 82

**STATE of Arizona, Appellee,**

v.

**Mick BEGAY, Appellant.**

**No. I CA–CR 460.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 19, 1972.

Rehearing Denied Jan. 10, 1973.

Review Granted March 6, 1973.

■■■■■■■■■■

———◆———

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Roger H. Lichty, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

Mick Begay was tried and convicted of second degree burglary and assault by means or force likely to produce great bodily injury, and sentenced to concurrent terms in the Arizona State Prison.

In his trial to the court, Begay pled not guilty by reason of insanity. By stipulation of counsel, the preliminary hearing transcript in this matter, a police investigation report, and the written reports of the three psychiatrists who had examined the defendant were admitted into evidence. In addition, the oral testimony of the three psychiatrists was taken at the time of trial.

The sole issue raised upon appeal is whether the record supports the trial court's rejection of the defense of insanity.

■ Arizona accepts the McNaughten rule as the test of insanity. As formulated in this State, the rule requires that:

"An accused must have had at the time of the commission of the criminal act:

(1) Such a defect of reason as not to know the nature and quality of the act, or

(2) If he did know, that he did not know he was doing what was wrong."

(Emphasis in original.)

State v. Schantz, 98 Ariz. 200, 207, 403 P.2d 521, 525 (1965).

During the trial, the three psychiatrists who had examined the defendant testified. Two of these psychiatrists diagnosed the defendant as a chronic schizophrenic. Each had interviewed the defendant separately at three one-hour sessions between the date of the alleged criminal acts and the time of trial. Both were of the opinion that the defendant's schizophrenic mental illness probably existed at the time of the alleged criminal acts, and that because of this mental illness the defendant would not have known the nature of his acts or right from wrong at that time.

The third psychiatrist testified on the basis of three to six personal interviews and frequent, brief contacts with the defendant while he was in the State Hospital prior to trial. In his opinion the defendant was not suffering from a severe mental illness such as schizophrenia, but rather, merely had an antisocial personality disorder. While he was unwilling to testify with definiteness that defendant did, or did not, understand the nature of his acts or know right from wrong at the time of the alleged criminal acts, he did state that in his opinion there was *no reason* to suppose that the defendant did not have such capacity at that time.

■ From this record, and the evidence concerning the defendant's conduct as disclosed by the remainder of the record, we believe that there was competent evidence to support the trial court's rejection of the *insanity defense.* No other issues have been raised on appeal, and we have searched the record for fundamental error as required by A.R.S. § 13–1715. Having found none, the judgment of conviction and sentence imposed by the trial court are affirmed.

EUBANK and JACOBSON, JJ., concur.