516 P.2d 573 .

**STATE of Arizona, Appellee,**

v.

**Mick BEGAY, Appellant.**

**No. 2635–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 11, 1973.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Roger H. Lichty, former Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Defendant, Mick Begay, was convicted of burglary, second degree, in violation of A.R.S. §§ 13–301 and 13–302, and of assault by means of force likely to produce great bodily injury, in violation of A.R.S. § 13–249. The Court of Appeals affirmed. State v. Begay, 18 Ariz.App. 551, 504 P.2d 82 (1972). We granted review. Opinion of the Court of Appeals vacated and judgment of conviction reversed.

In the early morning of August 3, 1969, defendant entered the home of one James Douglas Combs in Phoenix, Arizona. Combs was awakened by the screams of his wife, who saw the defendant standing in their bedroom. He engaged in a struggle with defendant, during which Combs was struck several times with a pop bottle. Defendant fled the Combs home by jumping through the glass portion of the kitchen door. He was apprehended by the police a short time thereafter while asleep on the roof of a house several blocks away.

On January 14, 1970, the trial court found that the defendant was unable to assist in his defense or to understand the nature of the proceedings against him for the reason that he was then suffering from either a mental deficiency or insanity, and ordered him committed to the Arizona State Hospital. A year and a half later, on August 3, 1971, the court found defendant competent to stand trial, and trial was commenced on August 25, 1971, to the court without a jury, the defense being that of insanity at the time of the commission of the offenses.

The law in this jurisdiction as to the test of sanity is well settled. Since there is a presumption of sanity, the defendant must introduce evidence which

generates a doubt thereof. The burden then shifts to the State to prove sanity beyond a reasonable doubt. State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969); State v. Martin, 102 Ariz. 142, 426 P.2d 639 (1967). The M'Naghten rule has long been the test for insanity in this jurisdiction. We said in State v. Schantz, 98 Ariz. 200, 207, 403 P.2d 521, 525 (1965), that in order for the accused to be relieved of criminal responsibility:

"An accused must have had at the time of the commission of the criminal act:

(1) Such a defect of reason as not to know the nature and quality of the act, *or*

(2) If he did know, that he did not know he was doing what was wrong."

We also said:

"Where insanity is an issue, the burden of the State is to establish beyond a reasonable doubt the converse; that is, that the defendant knew the nature and quality of his act *and* that he knew that what he was doing was wrong." State v. Schantz, *supra*.

The single question raised is whether there was competent evidence to support the trial court's rejection of the defense of not guilty by reason of insanity. We find there was none.

At the trial, the State relied on the testimony of Dr. Michael Cleary. When asked for his opinion as to defendant's state of mind, Dr. Cleary testified:

"A My position, as I say, I would not make a diagnosis with regard to that date, number one. Number two, as to whether he knew the consequences and nature of his acts in 1969, I certainly cannot answer that either. The only thing I can offer an opinion. on is to whether he was mentally ill at the time I examined him and my observations during the period of time he was in the Hospital. I cannot attempt a diagnosis of what his state of mind was in 1969."

Dr. Cleary first examined the defendant in January of 1970, and was at that time of the opinion that the defendant was not then suffering from a mental illness. Dr. Cleary persistently refused to draw any inference from that and subsequent examinations that defendant was either sane or insane on August 3, 1969, the date the offense was committed.

The defendant presented two doctors, Drs. Wayne F. Winn and Eugene R. Almer. They concluded on the basis of their interviews with the defendant that he was suffering from chronic schizophrenic reaction, and that this illness did exist in the defendant in August of 1969. While they agreed with Dr. Cleary that it was difficult to determine defendant's state of mind on a date five months prior to their examination, they expressed the opinion that on August 3, 1969, the defendant did not understand the nature and consequences of his acts and did not know right from wrong.

The testimony of Dr. Winn and Dr. Almer created a substantial and reasonable doubt as to defendant's sanity on the date the crime was committed. The positive testimony of these two doctors was not rebutted by Dr. Cleary, who refused to draw any conclusion as to defendant's sanity on August 3, 1969.

Faced with the testimony of the expert medical witnesses, the trial court did not immediately render a decision. Its concern was reflected in its statement:

"THE COURT: Gentlemen, I want to study the exhibits in some detail in light of the testimony I heard. Let the record show the Court takes this under advisement. We couldn't do this with a jury. In this type of case, I feel it is probably in the best interests of justice that I study, in a little more detail, the exhibits that have been admitted and hopefully I'll be able to render a verdict either this evening or tomorrow on this."

The exhibits included a three-page police investigation report, the transcript of the preliminary hearing, and written reports of the three doctors. But we find nothing

which contradicts the oral testimony of the doctors.

The police report merely establishes the events which took place on August 3, 1969, as did the transcript of the preliminary hearing. The written statements of Drs. Winn, Almer and Cleary substantially reflected their trial testimony, except that Dr. Winn added that he did not feel that defendant had merely a sociopathic personality, but, rather, suffered from a schizophrenic reaction, paranoid type, chronic. That defendant entered the home of total strangers, leaped through the glass portion of a door, and was caught sleeping on top of a roof only several blocks from the scene of the crime, were facts which were considered by Dr. Winn to raise even more doubts as to his sanity at that time.

From our review of the record, we find that the trial court's judgment of guilty must be reversed and this cause is remanded for a new trial. See Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950).

Reversed for new trial.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.