529 P.2d 231

**STATE of Arizona, Appellee,**

v.

**Eugene Raymond COOPER, Appellant.**

**No. 2744.**

Supreme Court of Arizona,
In Division.
Dec. 18, 1974.

333

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, Eugene Raymond Cooper, was convicted of kidnapping and assault with a deadly weapon for which he was sentenced to confinement for concurrent terms of 30 years to life for each offense. He appeals, raising the single issue of whether it was error for the trial court to refuse to submit the issue of insanity to the jury.

The appellant had been reported to the police as driving recklessly on the street and around a shopping center parking lot. A patrolman pursued appellant at high speed through rush-hour traffic. The appellant shot at and wounded the pursuing police officer. Shortly thereafter appellant kidnapped a man from a parking lot at gunpoint. The kidnap victim eventually wrestled the gun away from appellant, and the auto crashed into the divider on a freeway. Appellant fled on foot and was soon apprehended.

Pursuant to the request of the defense, an examination of the defendant's mental condition was ordered by the trial court. The court-appointed psychiatrists reported that the defendant was competent to assist his counsel and that the defendant understood the nature of the proceedings. A hearing was held, and the trial court found that the defendant was competent to stand trial.

The defendant gave timely notice of his intention to raise the defense of insanity at the trial.

**334**

During the trial the defense offered testimony by a psychiatrist and a psychologist as to the defendant's mental condition at the time of the offense. After hearing the evidence the trial court ruled that the evidence presented did not raise an issue as to the defendant's sanity, and the trial court refused all instructions submitted by the defense on the issue of sanity. The trial court did instruct the jury on the effect of voluntary intoxication in terms substantially the same as stated in the statute. A.R.S. § 13–132.

■ There is a presumption of sanity in every criminal case. To rebut that presumption and cause sanity to become an issue in the case, the defendant must introduce sufficient evidence to generate a doubt as to his sanity. State v. Begay, 110 Ariz. 200, 516 P.2d 573 (1973). If the evidence generates a reasonable doubt as to sanity, the burden falls upon the state to prove sanity beyond a reasonable doubt. State v. Blazak, 105 Ariz. 216, 462 P.2d 84 (1969). Arizona has long adhered to the rule that the test of insanity is the M'Naghten rule. State v. Schantz, 98 Ariz. 200, 403 P.2d 521 (1965), cert. denied, 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed. 2d 530 (1966); State v. Begay, *supra*.

The defense argues that not only did the evidence presented generate a reasonable doubt of the defendant's sanity but it would fully support a finding that the defendant was insane at the time of the commission of the criminal acts charged. The defense points out that both the psychiatrist and psychologist testified that the defendant was insane under the M'Naghten standard.

■ The state concedes that each of the defense experts testified that the defendant did not know the nature and quality of his acts and that he did not know he was doing wrong at the time of the acts charged, but the state points out that the condition of the defendant's mind was caused by his use of drugs and this does not constitute the defense of insanity. We agree.

The record shows that both of the defense experts testified that without the use of the drugs during the time in question the defendant would have been sane. They agreed that it was the use of drugs which induced his mental incapacity. The psychiatrist described the condition of the defendant as toxic psychosis, and the psychologist labeled it as "acute drug induced psychotic episode."

■ The authorities have distinguished between an existing state of mental illness and a temporary episode of mental incapacity caused by the voluntary use of liquor or drugs. In the first instance the defense of insanity is available even though the state of mental illness may have been brought about by excessive or prolonged use of liquor or drugs, but in the latter instance the defense is not available. Territory of Arizona v. Davis, 2 Ariz. 59, 10 P. 359 (1886); Kane v. United States, 399 F.2d 730 (9th Cir. 1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 698, 21 L.Ed.2d 699 (1969). While the cases usually deal with excessive use of liquor, the same principles are applicable to drugs. State v. Durgin, 110 Ariz. 250, 517 P.2d 1246 (1974). Voluntary intoxication, whether by alcohol or drugs, is not a defense to crime, but evidence of such intoxication is admissible to show lack of specific intent. State v. Contreras, 107 Ariz. 68, 481 P.2d 861 (1971).

It is not contested that the defendant had been voluntarily taking amphetamines for several days prior to the conduct at issue. Prior to that time the experts for the defense state that the defendant was sane. His subsequent condition, leading to his bizarre actions, was a result of an artifically produced state of mind brought on by his own hand at his own choice. The voluntary actions of the defendant do not provide an excuse in law for his subsequent, irrational conduct.

■ The defendant's burden to overcome the presumption of sanity was not met; therefore, the refusal of the trial court to instruct on insanity was correct.

Affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, J., concur.