559 P.2d 201
**STATE of Arizona, Appellee,**

v.

**Gregorio VALENZUELA, Appellant.**

**No. 1 CA–CR 1561.**

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 4, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia Butcher Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

## OPINION

FROEB, Chief Judge, Division 1.

Appellant was tried by a jury and found guilty of the crime of voluntary manslaughter in the killing of Ernest Miranda and sentenced to serve a term of not less than five nor more than seven years imprisonment in the Arizona State Prison. On appeal, he urges the following grounds as error:

1. The trial court erred in finding an inculpatory statement made by the defendant after his arrest to be voluntary;

2. the trial court erred in refusing to declare a defense witness to be hostile; and

3. the trial court erred in refusing defendant's jury instruction dealing with the effect of chronic alcoholism as it related to the defense of insanity.

A hearing was conducted on the question of the voluntariness of appellant's statements. The appellant places great reliance on the apparent conflict in the arresting officer's written report disclosing the substance of a statement allegedly given by the appellant and the officer's testimony at the hearing. The discrepancy concerned the location at which the statement was made. The officer's report indicated that the statement was made shortly after the arrest, at the criminal investigation bureau during routine booking procedures. The officer's testimony at the voluntariness hearing was to the effect that the statement was given shortly after the arrest in the back of the police vehicle.

We think the evidence developed at the voluntariness hearing supports the trial court's determination that, regardless of whether the statement was made in the back of the police car or at the police station, it was made voluntarily and not as the result of police interrogation. Volunteered statements of any type are not barred by the fifth amendment, and their admissibility is not affected by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See, *State v. Small*, 20 Ariz.App. 530, 514 P.2d 283 (1973). Whether the statement was made in the back of the police car shortly after the arrest and not in response to police interrogation or at the police station during routine booking procedures, we agree that the evidence introduced at the voluntariness hearing was sufficient to support the trial judge's ruling that the statement was volunteered by the appellant. Where the evidence or inferences to be drawn from evidence is conflicting, this court will defer to the trial judge's resolution of that conflict. *State v. Arredondo*, 111 Ariz. 141, 526 P.2d 163 (1974); *State v. Natzke*, 25 Ariz.App. 520, 544 P.2d 1121 (1976).

As his next contention, the appellant argues that the trial court erred in refusing to find Evaristo Estrada, a defense witness, to be hostile. He argues that this deprived him of the opportunity to cross-examine Estrada after he gave testimony which surprised the defense because it was purportedly inconsistent with prior statements of the witness.

During the trial, an off-the-record discussion with the court occurred at the bench, in which matters relating to Estrada's testimony were argued. The argument itself was not on the record, although an inconclusive summary of this discussion was fur-

nished by defense counsel for the record in chambers after Estrada had testified and been excused:

DEFENSE COUNSEL: Now, previously out in court I asked the Court to declare Evaristo Estrada a hostile witness. He did not answer the subpoena. It was checked and he was served with a subpoena. He was finally brought here after the issuance of a bench warrant by Judge Novak, brought here by the Sheriff's Department. He went into Court and stated that he did not see the shooting. I had [sic] in my possession a report from the investigator and I will simply read the statement. Is that alright [sic], Lyle?

PROSECUTOR: You can read anything you want in the record.

DEFENSE COUNSEL: I know. I meant using this (indicating). That Estrada told the investigator [defense counsel's own investigator]—the words in the report were, "On the other hand stated that although he was inside the house, he was aware of what had occurred. He stated that Miranda just prior to the shooting was harassing Valenzuela and had followed him to the truck and was giving him a bad time and that in actuality Valenzuela shot Miranda in self-defense." I told the Court that I was surprised by his testimony; asked the Court to declare him a hostile witness and said motion or request was denied by the Court. Is that fair?

THE COURT: The Court can find no basis for declaring him a hostile witness.

It is not clear from the record what defense counsel sought with respect to examining Estrada further as a witness. If he sought to cross-examine, to use leading questions or to impeach him by reason of the purported prior inconsistent statement, such a request was not specifically made, or, if it was, it does not appear of record. Instead, defense counsel urged that Estrada be declared a hostile witness and this was denied. The record shows that afterward the trial judge explained that he had not declared the witness hostile because he tes-

tified willingly and did not appear to be hostile. That ended the matter during the trial proceedings.

In *State v. Narten,* 99 Ariz. 116, 407 P.2d 81 (1965), the court held, "The court in the exercise of sound discretion may permit one to cross-examine his own witness upon an adequate showing of surprise, or that the witness is hostile to the party calling him or unwilling to testify." 99 Ariz. at 121, 407 P.2d at 84.

There is nothing in the record which convinces us that the trial court abused its discretion in finding the witness not to be hostile. Likewise, we find no basis in the record to support an "adequate showing of surprise." *Narten,* supra. Estrada's testimony at trial was marked by his difficulty with the English language. He stated in substance that he was inside the house when the shooting occurred and did not see it or hear anything except the shots. He acknowledged that after the shooting he heard a conversation taking place but did not know what was said.

The report of the defense investigator, an excerpt of which we have quoted earlier, is not so clearly to the contrary. It does not purport to quote Estrada verbatim and suggests that the information Estrada related to the investigator may have been gained through someone having made him "aware" of the circumstances after the shooting rather than from having been an eye and ear witness himself.

On this record, we cannot say that an "adequate showing of surprise" had been made which would warrant our holding that the court committed reversible error. When this inconclusive showing of surprise is coupled with the lack of a specific request by defense counsel to cross-examine Estrada, we must reject appellant's contention that the trial court abused its discretion.

■ For his final issue on appeal, the appellant argues that the trial court erred in refusing his instruction, explaining that a settled or fixed insanity, where caused by long continued alcoholic indulgence, has the same legal effect as insanity arising from

any other cause. The appellant's proffered instruction read as follows:

> Voluntary temporary intoxication does not excuse one for the criminal consequences of his conduct. On the other hand, if the accused was suffering from a settled or fixed insanity, even though caused by long continued alcoholic indulgence, it is the same as in the case of insanity arising from any other cause, even though it may be superinduced by voluntary use of intoxicating liquor.

The State urges that there was no evidence supporting the giving of an explanatory instruction on the legal effect to be given a settled condition of insanity caused by prolonged use of alcohol. Our review of the medical evidence leads us to the conclusion that the State's position is correct and that there was no support for even a proper explanatory instruction on settled insanity produced by long continued intoxication.

We agree that the evidence introduced by the defense in an effort to show that the appellant was insane at the time of the commission of the criminal acts charged was deficient insofar as it attempted to show that insanity might have been caused by the prolonged use of intoxicants. Thus, an explanatory instruction would not have been appropriate. *State v. Cooper,* 111 Ariz. 332, 529 P.2d 231 (1974).

The Supreme Court in *Cooper* noted that the cases have distinguished between the instances in which there is an existing state of mental illness and a temporary episode of mental incapacity caused by the voluntary use of liquor or drugs. 111 Ariz. at 334, 529 P.2d at 233. The court stated that when there is an *existing* state of mental illness the defense of insanity is available notwithstanding that the state of mental illness may have been brought about by excessive or prolonged use of liquor or drugs. 111 Ariz. at 334, 529 P.2d at 233. In the instant case, there was simply no evidence to support a finding that the appellant was suffering from an existing state of mental illness caused by prolonged use of liquor at the time of the commission of the criminal act charged.

In any event, we agree with the State's contention that even if the evidence could be construed as supporting an instruction on mental illness caused by chronic alcoholism, the requested instruction was confusing, misleading and an inaccurate statement of the law and was properly refused by the trial court. When an instruction requested to be given is good in part and bad in part, the court is not required to separate the good from the bad and the refusal to give it is not error. *State v. Boozer,* 80 Ariz. 8, 291 P.2d 786 (1955); *State v. Vanderlinden,* 21 Ariz.App. 358, 519 P.2d 211 (1974). The first sentence of appellant's requested instruction was a correct statement of the law. However, the final portion of appellant's instruction was confusing and misleading. The latter part of the instruction implies that the defense of insanity is available even though the insanity is brought on by voluntary intoxication at the time of the crime charged. The law in Arizona is otherwise. *State v. Dante,* 25 Ariz.App. 150, 541 P.2d 941 (1975). As noted by the court in *Dante,* supra, voluntary intoxication will not support the defense of insanity even if the evidence discloses that the defendant did not know the nature and quality of his acts at the time of the crime. 25 Ariz.App. at 153, 541 P.2d at 944.

Finally, we observe that the defense of insanity was duly considered by the jury in this case after the trial court correctly instructed it on the law as it pertains to legal insanity. We think the generalized instruction on the subject was sufficient and find no error.

The judgment and sentence are affirmed.

JACOBSON, P. J., and HAIRE, J., concur.