713 P.2d 811

**The STATE of Arizona, Appellee,**

v.

**Michael Francis BERNAL, Appellant.**

**No. 2CA–CR3707.**

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 21, 1985.

Reconsideration Denied Oct. 24, 1985.

Review Denied Jan. 28, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Georgia B. Ellexson, Phoenix, for appellee.

Robert J. Hirsh, P.C. by Steven P. Sherick, and Dennis R. Murphy, Tucson, for appellant.

OPINION

LIVERMORE, Judge.

Defendant and four women, including the victim, spent the evening of October 16, 1983, drinking. Late that night, defendant drove the women to an after-hours bar in South Tucson. On the way there the victim passed out. When they arrived, the three conscious women entered the bar; when they came out, defendant, the victim, and the car were gone. The next day, the victim's horribly mutilated body was recovered from a trash dumpster. Death had been caused by strangulation and multiple stab wounds. Later that day, the defendant turned himself into the Tucson police and confessed to having driven the victim to his home, carried her inside, undressed her, and mutilated and strangled her. The victim, according to him, never became conscious; her blood alcohol level at death was approximately .38. On this evidence, he was convicted of kidnapping and murder in the second degree, both of a dangerous nature, and sentenced to aggravated terms of twenty-one years' imprisonment on each count, to be served consecutively.

The essential basis of the defendant's appeal is that the evidence, without his confession, is insufficient to establish that a kidnapping occurred and, with his confession, insufficient to support his conviction. Both contentions turn on the language of the kidnapping statute. Under A.R.S. § 13–1304, "a person commits kidnapping by knowingly restraining another person with the intent to" commit certain felonies. A.R.S. § 13–1301(2) reads:

"'Restrain' means to restrict a person's movements without consent, without legal authority, and in a manner

which interferes substantially with such person's liberty, by either moving such person from one place to another or by confining such person. Restraint is without consent if it is accomplished by:

    (a) Physical force, intimidation or deception; or

    (b) Any means including acquiescence of the victim if the victim is a child less than eighteen years old or an incompetent person and the victim's lawful custodian has not acquiesced in the movement or confinement."

Defendant argues that the facts do not establish the absence of consent.

■ We hold that a restraint is without consent if the person restrained is incapable of consent by reason of unconsciousness. This conclusion, on the facts of this case, fits within the statute by either of two lines of reasoning. First, physical force was used to move the victim by driving her to the defendant's home and by carrying her inside. Because such force was used, it is by definition a restraint "without consent." Second, in A.R.S. § 13–1301(2)(b) the legislature evinced a purpose to exclude as a defense consent by those incompetent to give it (children and those with a custodian). Given the rule of A.R.S. § 13–104 that criminal statutes are not to be strictly construed but instead are to be "construed according to the fair meaning of their terms and to effect the objects of the law," "without consent" should be read to include all instances of those incapable of consent. See *State v. Miguel,* 125 Ariz. 538, 611 P.2d 125 (App. 1980). It would ill-serve the purposes of the law to exclude from liability those kidnappers who prey on the unconscious.

■ As we have construed the statute, the defendant's arguments fail. Without defendant's confession, the evidence established that a comatose person had been physically moved; from the condition of the body the jury could reasonably infer that the purpose for moving was a forbidden one. This was sufficient to establish the *corpus delicti* for kidnapping. Defendant's confession established his guilt

for that offense. This result is affected neither by the fact that the victim initially consented to accompany the defendant nor by the fact that she was, because of intoxication, incapable of exercising her freedom of movement. The consent to go with defendant to an after-hours bar can hardly be construed as a consent to her further movement thereafter. See *People v. La-Porte,* 103 Mich.App. 444, 303 N.W.2d 222 (1981). That movement interfered substantially with her liberty even though her condition prevented her from realizing it.

■ Defendant next argues that consecutive punishment for kidnapping and murder violated the double punishment provisions of A.R.S. § 13–116. In order for that to be so the same evidence must be necessary to prove elements of each offense. On the instant facts, there was ample evidence of restraint by physical force from the inception of the episode through strangulation and knifing before the fatal wounds were inflicted. *State v. Newman,* 141 Ariz. 554, 688 P.2d 180 (1984); *State v. Woods,* 141 Ariz. 446, 687 P.2d 1201 (1984); *State v. Williams,* 111 Ariz. 222, 526 P.2d 1244 (1974); *State v. Adrian,* 111 Ariz. 14, 522 P.2d 1091 (1974).

Finally, defendant makes a generalized argument that he was denied due process in his trial by several alleged errors. First, defendant was not entitled to a special interrogatory verdict. *State v. Lawson,* 144 Ariz. 547, 698 P.2d 1266 (1985). Second, defendant's requested instruction on jury unanimity was adequately covered by the court's other instructions. Third, any evidentiary error was corrected by the court's instruction. *State v. Garcia,* 138 Ariz. 211, 673 P.2d 955 (App.1983). Fourth, that the verdicts were inconsistent by finding kidnapping but no felony murder is immaterial. *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *State v. Fields,* 117 Ariz. 319, 572 P.2d 453 (App. 1977).

The judgments and sentences are affirmed.

HATHAWAY, P.J., and LACAGRINA, J., concur.