# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1077
_____

United States of America,

*Plaintiff - Appellee*,

v.

Michael L. Goforth,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 22, 2023
Filed: November 28, 2023
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Michael Goforth pleaded guilty to unlawful possession of a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court[*] determined an advisory sentencing guideline range of 57 to 71 months' imprisonment, and varied upward from the range

_____

[*]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

to impose a term of 92 months' imprisonment. Goforth argues on appeal that the district court plainly erred in calculating an advisory guideline range, because his prior conviction for kidnapping in Arizona was not a conviction for a "crime of violence." We conclude that there was no obvious error, and therefore affirm the judgment.

Under USSG § 2K2.1, the court is directed to apply a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." USSG § 2K2.1(a)(4)(A). Without a qualifying prior conviction, Goforth's base offense level would have been 14. *Id.* § 2K2.1(a)(6). Goforth sustained a felony conviction for kidnapping in Arizona in 2009 after he abducted a victim at gunpoint and forced him into a vehicle. The district court determined that the kidnapping offense under Arizona Revised Statutes § 13-1304 was a crime of violence, and Goforth did not object to that conclusion. The court thus applied a base offense level of 20 in calculating the guideline range.

Goforth argues on appeal that his Arizona kidnapping offense was not a crime of violence under the guidelines, and that the district court thus applied an incorrect base offense level. The alleged error was forfeited, so we review only for plain error. To obtain relief, Goforth must show an obvious error that affected his substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 733-36 (1993).

The term "crime of violence" is defined in the guidelines, and the definition includes "kidnapping." USSG §§ 4B1.2(a)(2); 2K2.1, comment. (n.1). The enumerated term "kidnapping" carries a uniform or "generic" meaning drawn from the criminal codes of most States. *See Taylor v. United States*, 495 U.S. 575, 598 (1990); *United States v. Ossana*, 638 F.3d 895, 899 (8th Cir. 2011). A defendant's conviction under a state statute qualifies as a conviction for kidnapping under the guidelines if the state statute "substantially corresponds" to or is narrower than the

generic definition of kidnapping. *See Quarles v. United States*, 139 S. Ct. 1872, 1877 (2019). The Ninth Circuit has concluded that Arizona kidnapping in violation of § 13-1304 qualifies as generic kidnapping, because it requires that an offender act with a nefarious purpose and cause the unlawful deprivation of another person's liberty of movement. *United States v. Marquez-Lobos*, 697 F.3d 759, 764-67 (9th Cir. 2012).

Goforth contends that *Marquez-Lobos* is obviously wrong, and that Arizona kidnapping plainly does not qualify as a generic kidnapping. His theory is that the Arizona statute encompasses kidnappings that do not involve an unlawful deprivation of liberty as defined by most States. He acknowledges that generic kidnapping includes a deprivation of liberty that is accomplished by restraining a person who is a minor or incompetent, without the consent of a person who is responsible for the welfare of the victim. *See id.* at 765; Model Penal Code § 212.1 (Am. L. Inst. 1985). But he contends that kidnapping in Arizona is broader than the generic offense, because the Arizona statute assertedly applies to the restraint of *any* person who is incapable of giving consent—even if the person is neither a minor nor incompetent.

Goforth's argument is premised on a decision of an intermediate state appellate court, *State v. Bernal*, 713 P.2d 811 (Ariz. Ct. App. 1985). Although the Arizona statute refers only to restraint without consent of a minor or incompetent person, Ariz. Rev. Stat. § 13-1301.2(b), Goforth points to a statement in *Bernal* that "'without consent' should be read to include all instances of those incapable of consent." 713 P.2d at 812. Because the kidnapping victim in *Bernal* was a competent adult who was unconscious because of alcohol intoxication, Goforth argues that Arizona has expanded the offense of kidnapping beyond the generic kidnapping offense that appears in USSG § 4B1.2. Goforth suggests that the Ninth Circuit in *Marquez-Lobos* overlooked *Bernal* and committed plain error by relying only on the text of the Arizona statute.

We are not convinced that *Bernal* establishes an obvious error by the district court. The court in *Bernal* first concluded that physical force was used to move the victim in that case. *Id.* The use of force by itself was sufficient to establish restraint without consent in violation of the Arizona kidnapping statute. *See* Ariz. Rev. Stat. § 13-1301.2(a). The *Bernal* court's discussion of persons "incapable of consent" was an alternative line of reasoning that was unnecessary to the decision. Goforth identifies no Arizona decision since 1985 that has applied the alternative rationale of *Bernal*. The cited rationale has not been adopted by the Arizona Supreme Court, and it was unnecessary to the one decision of an intermediate appellate court that discussed the point. It is thus not obvious that the Arizona kidnapping statute encompasses restraint *without force* of a victim who is not identified in § 13-1301.2(b).

Goforth also has not established that the alternative rationale of *Bernal*, if definitively adopted in Arizona, obviously exceeds the scope of kidnapping under USSG § 4B1.2. The generic meaning of kidnapping depends on the sense in which the term is used in the criminal codes of most of the States. But Goforth has not produced evidence that most of the States would disagree with the alternative line of reasoning suggested in *Bernal*: he simply argues that the expanded set of victims identified in *Bernal* would exceed the set of victims identified in most state statutes and the Model Penal Code. That may be true, but *Bernal*'s alternative line of reasoning also went beyond the victims identified in the Arizona statute to encompass "all instances of those incapable of consent." 713 P.2d at 812.

A defendant seeking to show on plain error review that *Bernal* defined a non-generic offense must establish that most other States have declined, or would decline, to adopt the same rationale when interpreting a statute comparable to Arizona's statute. Goforth has not identified decisions from other States addressing whether the scenario at issue in *Bernal*—restraint of a victim rendered unconscious by intoxication—qualifies as kidnapping. He suggests that other States would apply a

rule of strict construction that does not apply in Arizona, but that general proposition is insufficient to establish definitively that most other States would reach a different result than Arizona regarding a specific alleged kidnapping scenario.

For these reasons, we conclude that the district court did not commit plain error in applying the sentencing guidelines in Goforth's case. The judgment of the district court is affirmed.

_____