NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEREMY LEIGH THOMAS, *Appellant.*

No. 1 CA-CR 23-0302
FILED 06-06-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-141157-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Laila Ikram
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**C A T T A N I**, Judge:

**¶1**         Jeremy Leigh Thomas appeals his conviction of possession of a dangerous drug and the resulting imposition of probation. He argues that the superior court improperly permitted the State to change who would be designated as the case agent to sit at counsel table, and that the change deprived him of a fair trial. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Thomas was arrested for shoplifting in 2022. During a search incident to that arrest, an officer found a small bag containing a white, crystalline substance and another small bag containing a blue pill. Officer DiCarlo, who was certified as a controlled substance officer, field tested the crystalline substance and preliminarily identified it as methamphetamine. Subsequent forensic testing confirmed that the substance was methamphetamine and that the blue pill contained fentanyl.

**¶3**         The State charged Thomas with shoplifting (later dismissed on the State's motion), possession of a dangerous drug (methamphetamine), and possession of a narcotic drug (fentanyl). In initial and supplemental disclosure statements, the State identified Officer DiCarlo and Detective Spear, among others, as potential witnesses.

**¶4**         During pretrial proceedings, the State referred to Detective Spear as the "case agent," an individual who would be seated at counsel table to assist the prosecutor during trial. Shortly before opening statements, however, the State informed defense counsel that Officer DiCarlo would fill that role instead. Thomas, who had invoked the rule of exclusion of witnesses (the "Rule"), *see* Ariz. R. Crim. P. 9.3(a); *see also* Ariz. R. Evid. 615, objected to the change and requested that Officer DiCarlo be excluded from the courtroom during other witnesses' testimony. The court permitted the change over Thomas's opposition. Ultimately, two police officers (including Officer DiCarlo but not Detective Spear) and a forensic scientist testified at trial.

¶5          The jury found Thomas guilty of possession of a dangerous drug but acquitted him of the fentanyl-based narcotic drug charge. The court suspended sentence and imposed two years of supervised probation. Thomas timely appealed. We have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

¶6          Thomas asserts that the State's late-stage change of case agent violated his confrontation right and due process right to conduct meaningful pretrial discovery and present a complete defense. We review rulings implementing the Rule or choosing appropriate remedies for its violation for an abuse of discretion. *State v. Jones*, 185 Ariz. 471, 483 (1996); *Spring v. Bradford*, 243 Ariz. 167, 170, ¶ 11 (2017). We review de novo, however, interpretation of the Rule as well as constitutional claims. *Spring*, 243 Ariz. at 170, ¶ 11; *R.S. v. Thompson*, 251 Ariz. 111, 116, ¶ 10 (2021).

¶7          The Rule provides that, at a party's request, the court must exclude witnesses from the courtroom so they cannot hear other witnesses' testimony. Ariz. R. Crim. P. 9.3(a)(1); Ariz. R. Evid. 615. This prevents witnesses from tailoring their testimony to that of the other witnesses. *Spring*, 243 Ariz. at 170, ¶ 14. But even when the Rule is invoked, the defendant and the State are each entitled to have one investigator (sometimes referred to as a "case agent") present at counsel table throughout trial, even if that investigator is expected to testify. Ariz. R. Crim. P. 9.3(a)(2); *State v. Williams*, 183 Ariz. 368, 380 (1995). The investigator is permitted to remain despite the exclusion of other witnesses to aid counsel during trial, including by "call[ing] attention to factual matters of which counsel may not be aware." *State v. Wilson*, 185 Ariz. 254, 259–60 (App. 1995) (citation omitted); *State v. Fields*, 117 Ariz. 319, 322 (App. 1977).

¶8          At trial, Thomas asserted that the State's substitution of Officer DiCarlo as case agent was fundamentally unfair primarily because Officer DiCarlo would be able to hear other witnesses' testimony before testifying himself. But that rationale is unrelated to the *timing* of the State's choice (or change) of case agent, which was the sole basis for Thomas's objection. Instead, it is a result inherent in the Rule itself, which expressly permits each side to have an investigator present in the courtroom even if that investigator will testify as well. Ariz. R. Crim. P. 9.3(a)(2); *Williams*, 183 Ariz. at 380.

**¶9** On appeal, Thomas asserts that the State's last-minute change of case agent left him no opportunity before trial to investigate or interview Officer DiCarlo about his role as case agent. This, he argues, undermined his ability to confront Officer DiCarlo at trial and thereby deprived him of his due process right to present a complete defense. But the Rule establishes no deadline for designating a case agent, and Thomas identifies no authority that requires the State to make a pretrial, non-modifiable decision designating a particular individual as case agent. *See, e.g.*, Ariz. R. Crim. P. 15.1(a)–(b) (State's initial and supplemental disclosure obligations), 9.3(a)(2) (no timing requirement); Ariz. R. Evid. 615 (same).

**¶10** To be sure, although criminal defendants have no general constitutional right to pretrial discovery, due process requires the defendant have access to the "'raw materials' necessary to build his defense." *R.S.*, 251 Ariz. at 117, ¶¶ 15–16. And Rule 15 provides for such pretrial discovery—including disclosure of all the State's prospective witnesses, *see* Ariz. R. Crim. P. 15.1(b)(1)—as a means to "give full notification of each side's case-in-chief so as to avoid unnecessary delay and surprise at trial." *State v. Dodds*, 112 Ariz. 100, 102 (1975).

**¶11** But here, the State disclosed Officer DiCarlo as a witness in its initial disclosure statement. Thomas had an opportunity to—and apparently did in fact—interview Officer DiCarlo before trial. Thomas now suggests his pretrial interview (and perhaps other aspects of his trial preparation) might have been different had he known Officer DiCarlo would be the State's case agent. But Thomas did not ask to reinterview Officer DiCarlo to fill any such gaps after the change, *see, e.g.*, *State v. Krone*, 182 Ariz. 319, 322 (1995), and he does not otherwise explain what might have been different.

**¶12** Moreover, Thomas does not point to any portion of Officer DiCarlo's testimony—which predominately recounted his role at the scene and his field test of the methamphetamine—that purportedly came as a surprise. And Thomas's counsel cross-examined Officer DiCarlo when he testified at trial, fulfilling Thomas's constitutional "right . . . to be confronted with the witness[] against him." U.S. Const. amend. VI; *see also Crawford v. Washington*, 541 U.S. 36, 59 & n.9 (2004) ("The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.").

**¶13** Accordingly, the superior court did not err by allowing the State's change of case agent here or by permitting Officer DiCarlo to remain in the courtroom to assist the State during trial, consistent with the Rule.

**CONCLUSION**

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV