560 P.2d 803

**STATE of Arizona, Appellee,**

v.

**Manuel Martinez ORTIZ, Appellant.**

**No. 3415.**

Supreme Court of Arizona,
In Banc.

Feb. 17, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Manuel Martinez Ortiz, appellant, was charged by information with murder and assault with intent to commit murder. After appellant was bound over to the superior court, a hearing on his mental condition was held, and he was found incompetent to stand trial. He was committed to the Arizona State Hospital for treatment. Five months later the acting superintendent of the state hospital advised the superior court that the appellant was then competent to stand trial. After a hearing the superior court found that appellant was competent to stand trial.

By stipulation the case was submitted to the superior court, sitting without a jury, on the preliminary hearing transcript and other written documents. The superior court found appellant guilty of murder in the first degree and guilty of assault with a deadly weapon. Appellant was sentenced to life imprisonment without possibility of parole until the completion of twenty-five years on the murder charge and to not less than seven nor more than ten years' imprisonment on the assault charge, the sentences to run concurrently. A timely appeal was filed.

Counsel for appellant submitted an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). We have reviewed the record as required by A.R.S. § 13–1715 and the conviction must be set aside.

■ Although the case was submitted to the superior court on the preliminary hearing transcript and other records, the submission was not equivalent to a guilty plea. The defense of insanity was being urged. In support of this defense medical reports by the two court-appointed psychiatrists were made a part of the record to be considered by the court. While we may question the efficacy of presenting the defense psychiatric evidence in this fashion, it is clear from the record that appellant was seriously attempting to raise the issue of insanity.

■ As we pointed out in *State v. Gaines*, 113 Ariz. 206, 549 P.2d 574 (1976), due process requires that the record reflect a knowing waiver of the constitutional rights which are relinquished by the submission of a case on the record. Appellant was advised that he was giving up his right to jury trial, and that the case would be presented only on the written documents.

■ The issue of appellant's sanity was adequately raised below through the introduction into evidence of the psychiatric reports. When insanity is presented as a legitimate issue it becomes the state's burden to prove the sanity of the defendant beyond a reasonable doubt. *State v. Sisk*, 112 Ariz. 484, 543 P.2d 1113 (1975); *State v. Ganster*, 102 Ariz. 490, 433 P.2d 620 (1967).

The state did not introduce any psychiatric testimony. The state's evidence dealt with the events which took place at the crime. None of the evidence offered by the state contained any opinion evidence by the

nonmedical witnesses on the issue of sanity. The state maintains that the defense medical reports do not establish the defense of insanity. The reports submitted by the psychiatrists stated that the appellant had a history of mental illness; that at the time of the examinations he was mentally incompetent to aid in his defense due to that mental illness; that he was probably suffering from that condition at the time of the alleged offense. The state points out that this does not prove the elements necessary for the insanity defense.

The problem with the state's position is that it attempts to shift the burden of proof in a criminal case. The defense does not have to prove insanity. The state must prove sanity. When the defense has introduced evidence which generates substantial and reasonable doubt concerning the accused's sanity, the burden falls on the state to prove sanity beyond a reasonable doubt. *State v. Begay*, 110 Ariz. 200, 516 P.2d 573 (1973). The evidence presented by the defense was sufficient to overcome any presumption of sanity. The state offered no substantial evidence which would prove beyond a reasonable doubt that the appellant was legally sane at the time of the crimes.

The judgment is reversed, and the case is remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.