572 P.2d 1187

**STATE of Arizona, Appellee,**

v.

**Leroy DOYLE, Appellant.**

**No. 3972–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 5, 1977.

Rehearing Denied Jan. 4, 1978.

---

Bruce E. Babbitt, Atty. Gen., Phoenix, Barbara E. Fisher, Asst. Atty. Gen., Tuscon, for appellee.

John M. Neis, Pima County Public Defender, Michael P. Roca, Asst. Public Defender, Tuscon, for appellant.

GORDON, Justice:

Appellant, Leroy Doyle, was convicted of assault with a deadly weapon, a violation of A.R.S. § 13–249. His conviction was affirmed by Division Two of the Court of Appeals. Following the denial of appellant's motion for rehearing, a petition for review was filed pursuant to 17 A.R.S. Rules of Criminal Procedure, Rule 31.19. We accepted review of this matter.

On December 23, 1973, in front of the Valencia Market in South Tucson, appellant backed his 1961 Lincoln into the front of a properly parked Corvette. Appellant then entered the market, shouting obscenities. He then pulled a .25 caliber pistol from his rear pocket, poked the pistol into the ribs of Rene Aragon, and accused him of hitting appellant's car. While still accusing Aragon, appellant proceeded to wave the gun back and forth between Aragon and another person. Naturally, Aragon denied damaging appellant's vehicle. The shopkeeper then entered the scene instructing appellant to put his gun away, which he did. Appellant was subsequently arrested after he had left the market.

Following an examination as authorized by Rule 11, 17 A.R.S. Rules of Criminal Procedure appellant was found competent to waive his constitutional rights in order to submit the cases [1] on the record. The basis for this finding was that appellant's chronic paranoid schizophrenia was in a state of remission at that time enabling him to make a knowing waiver. However, the psychiatric reports indicated there was a good possibility of a recurrence of disorganization if he were to undergo a full trial. Thus, pursuant to stipulation, the charges were submitted on the record, with insanity

---

1. Appellant was also charged with arson based on a separate incident which occurred in 1976.

as a defense. Three written psychiatric evaluations which did not differentiate between the two crimes were presented to the trial court. Interestingly, appellant was found not guilty by reason of insanity on the arson charge, but guilty of assault with a deadly weapon.

In his appeal, Doyle alleges he was also entitled to acquittal on the assault with a deadly weapon charge, because the state failed to prove he was sane beyond a reasonable doubt. The Court of Appeals in response to appellant's claim held that "In order to cast the burden upon the state to prove appellant sane beyond a reasonable doubt, it was incumbent upon appellant to *clearly prove* that at the time of the commission of the act he 'was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong.'" (Emphasis ours.) *State v. Doyle,* 572 P.2d 1193 (Ariz.App. filed May 18, 1977). Although this is a correct statement of the M'Naghten Rule, it misstates the burden which is placed on a defendant. A defendant need only present evidence which is sufficient to raise a reasonable doubt as to his sanity before the burden of *proof* shifts to the state. The state must then prove beyond a reasonable doubt that the defendant was sane at the time of the criminal act charged. *State v. Ortiz,* 114 Ariz. 285, 560 P.2d 803 (1977); *State v. Overton,* 114 Ariz. 553, 562 P.2d 726 (1977).

We feel this case is controlled by our recent decision in *State v. Ortiz, supra.* Here, as in *Ortiz,* "The state did not introduce any psychiatric testimony. The state's evidence dealt with the events which took place at the crime. None of the evidence offered by the state contained any opinion evidence by the nonmedical witnesses on the issue of sanity." *State v. Ortiz,* 114 Ariz. at 286–287, 560 P.2d at 804–805. Both Ortiz and Doyle were diagnosed as being schizophrenic. The three psychiatric reports on Doyle stated, *inter alia* :

Report 1. "Although Mr. Doyle himself cannot give information about his prob-

able mental condition at the time of the alleged offense, police reports support a description of mental disorganization. I think Mr. Doyle does have a potential for psychotic episodes and it is my impression that at the time of the alleged offense he was in a psychotic episode * * * *."

Report 2. "At the time of the alleged offense, it is my judgment that Mr. Doyle's capacity for judgment and impulse control were severely impaired by the presence of an acute psychiatric condition which was either a product of his psychosis or acute alcoholic intoxication or a combination of both."

Report 3. "Considering the degree of psychopathology with Mr. Doyle that has been present over the years and viewing the charges against this individual, it appears that the offenses are direct products of mental illness."

These reports, like the reports in *Ortiz,* did not establish the elements necessary to satisfy the M'Naghten Rule. However, the evidence was sufficient to generate a reasonable doubt as to appellant's sanity, thereby shifting the burden of proof to the state. As a result of the dearth of evidence presented by the state, it simply failed to prove Doyle was sane beyond a reasonable doubt.

Since we are reversing, we need not reach appellant's other issue raised in his appeal. Opinion of the Court of Appeals, *State v. Doyle,* 572 P.2d 1193 (Ariz.App. filed May 18, 1977) vacated. The judgment is reversed, and the case is remanded for a new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.