586 P.2d 633

**STATE of Arizona, Appellee,**

v.

**Manuel Martinez ORTIZ, Appellant.**

No. 4389.

Supreme Court of Arizona,
In Banc.

Oct. 30, 1978.

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Defendant Manuel Martinez Ortiz was convicted and sentenced pursuant to a plea agreement for violations of A.R.S. §§ 13-451, 13–452, 13–453 and 13–1647, second degree murder and assault with a deadly weapon. He appeals. Taking jurisdiction under Rule 47(e)(5), Rules of Supreme Ct., 17A, A.R.S., we reverse the judgment.

On December 18, 1974 defendant was charged by information with murder and assault with intent to commit murder. The Superior Court held a Rule 11.5(a) competency hearing, Rules of Criminal Procedure, 17 A.R.S., and found him incompetent to stand trial. Defendant was then committed to the Arizona State Hospital for treatment. Five months later a treating psychiatrist at the state hospital advised the court that the defendant had been restored to competency. After another competency hearing, the court determined that the defendant was in fact competent to stand trial.

By stipulation, the case was submitted to the Superior Court on the basis of the preliminary hearing transcript and other written documents, including the reports of three psychiatrists offered into evidence by the defendant. The court found the defendant guilty of first degree murder and assault with intent to commit murder.

Having filed a timely notice of appeal, defendant submitted a brief comporting with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This Court reviewed the record for fundamental error as mandated by A.R.S. § 13–1715 and found that defendant had introduced sufficient evidence to overcome the presumption of sanity. The state, however, had failed to satisfy its burden of proving sanity beyond a reasonable doubt, having introduced no evidence on the issue of sanity. We therefore reversed defendant's conviction and remanded for a new trial. *State v. Ortiz,* 114 Ariz. 285, 560 P.2d 803 (1977).

Prior to the commencement of trial, defendant filed a motion to dismiss with the Superior Court. He contended that he had already been tried on the merits and that any subsequent trial on the same offense was barred by the guarantees against double jeopardy found in both the United

States Constitution, amend. V, and the Arizona Constitution, 1 A.R.S., Art. 2 § 10. This motion was denied.

After the court once again found him competent to stand trial but before the beginning of trial, defendant entered into a plea agreement with the state. Pursuant to this agreement, defendant pled guilty to violations of A.R.S. §§ 13–451, 13–452, 13–453, and 13–1647, second degree murder (Count I) and A.R.S. §§ 13–241 and 13–249(B), assault with a deadly weapon (Count II). The agreement also provided that defendant would be able to appeal the double jeopardy issue.

Defendant filed a timely notice of appeal on January 19, 1978. The sole issue presented on appeal is whether the constitutional protection against double jeopardy precludes the state from prosecuting the defendant after this Court reversed his first conviction.

The Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S.Const. amend. V. This prohibition of double jeopardy is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In addition, the Constitution of the State of Arizona provides a similar right. 1 A.R.S., Art. 2, § 10.

Defendant asserts that this Court reversed his first conviction because of insufficient evidence, citing the following language of our opinion:

"The evidence presented by the defense was sufficient to overcome any presumption of sanity. The state offered no substantial evidence which would prove beyond a reasonable doubt that the appellant was legally sane at the time of the crimes." *State v. Ortiz,* 114 Ariz. at 287, 560 P.2d at 805.

Quoting from Mr. Justice Douglas' concurring opinion in *Sapir v. United States,* 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426 (1955), defendant argues that a reversal for insufficient evidence is the equivalent of an acquittal and ought to operate as a bar to retrial:

" 'It is, then, the settled law of this court that former jeopardy includes one who has been acquitted by a verdict duly rendered * * *.' (Citations omitted.) If * * * the trial judge had rendered a verdict of acquittal, the guarantee against double jeopardy would prevent a new trial of the old offense. *I see no difference when the appellate court orders a judgment of acquittal for lack of evidence.*" 348 U.S. at 374, 75 S.Ct. at 423, 99 L.Ed. at 427–428. (Emphasis added.)

The state answers that there is no double jeopardy violation involved in retrying a defendant whose conviction has been reversed on appeal, even if the reversal is on the basis of insufficiency of the evidence. It cites as authority the United States Supreme Court cases of *Bryan v. United States,* 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); and *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960). This is so, the state reasons, because once a conviction has been reversed on appeal, the defendant is no longer convicted of the crime nor has he been acquitted by a jury, the situations in which retrial is prohibited by the double jeopardy clause. (Citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).) The state concludes that the decision to remand for a new trial or for dismissal is solely within the Court's discretion and is not controlled by double jeopardy considerations. *See* A.R.S. § 13–1716.[1]

The state recognizes, however, that the inconsistencies and ambiguities in the rele-

1. A.R.S. § 13–1716 provides: "The supreme court may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant. On an appeal from an order made after judgment, it may set aside, affirm or modify the order or any proceeding subsequent to or dependent upon such order."

vant United States Supreme Court cases have led to considerable confusion in both the federal courts of appeals and the state courts concerning this issue of double jeopardy.

On June 14, 1978, after briefs were submitted in this appeal, the United States Supreme Court resolved this confusion in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The Court held that the Double Jeopardy Clause does preclude a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict.

In so holding, the Court cited with approval Mr. Justice Douglas' reasoning in *Sapir, supra,* that the determination of evidentiary insufficiency by the reviewing court rather than the trial court ought to make no difference. Such an appellate decision means that the trial court erred in failing to acquit the defendant. To allow a new trial under these circumstances would cause a "purely arbitrary distinction" between individuals like the defendant and others who receive the advantage of a correct judgment by the trial court. 437 U.S. at 11, 98 S.Ct. at 2147, 57 L.Ed.2d at 9 (1978).

The Court held further that the Double Jeopardy Clause prohibits a second trial to afford the prosecution another chance to provide evidence which it failed to muster at the first trial. "This is central to the objective of the prohibition against successive trials." 437 U.S. at 11, 98 S.Ct. at 2147, 57 L.Ed.2d at 9 (1978).

We agree with defendant's contention that our reversal of his first conviction was on the basis of insufficiency of the evidence. The evidentiary insufficiency in *Burks,* in fact, was of the same type as that in the instant case. The appellate court in *Burks* had ruled that the government did not "effectively rebut" Burks' proof with respect to insanity and criminal responsibility. 437 U.S. at 4, 98 S.Ct. at 2143, 57 L.Ed.2d at 5 (1978). Moreover, in a companion case decided the same day as *Burks, Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the Court specifically applied the *Burks* standard to a state criminal proceeding, citing *Benton v. Maryland supra.* *Burks* is thus directly applicable to the facts of the case before us and conclusively resolves the issue presented.

We hold, therefore, that defendant's second conviction violated the double jeopardy protection afforded by the Constitution. Accordingly, we reverse the judgment and remand to the Superior Court for entry of judgment of acquittal.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.