454

605 P.2d 33

**STATE of Arizona, Appellee,**

v.

**Sarah Mae GLASCO, Appellant.**

No. 4715.

Supreme Court of Arizona,
En Banc.

Jan. 2, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Cecil Patterson and Edward C. Voss, Deputy Public Defenders, Phoenix, for appellant.

HAYS, Justice.

Following appellant's conviction of first-degree murder and a life sentence, counsel for appellant filed a brief purportedly in compliance with the requirements enunciated in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We note, however, that appellate counsel raises no arguable issues of law as required by *Anders, supra.*

We have before us appellant's *pro se* brief and we shall address the issues raised therein. We take jurisdiction pursuant to A.R.S. § 13–4031.

## FACTS

Appellant Sarah Mae Glasco had lived for ten years in a common-law relationship with the victim, Charlie Gaines. Having consumed a considerable amount of alcohol on the day of the killing, appellant returned home.

Appellant found the victim at her home and they began to argue about another woman the victim was seeing. By her own admission, appellant went to the bedroom and removed a .22-caliber pistol from a closet. Taking the pistol and a purse with her to the bathroom, appellant loaded the pistol with cartridges from the purse.

Emerging from the bathroom while still quarreling with the victim, she told him to get out. As the victim reached the door and turned in the doorway, appellant fired. The victim was struck in the left temple, fell to the ground, and died shortly thereafter.

Appellant called the police, identified herself, gave her address, stated that she had shot a man named "Charlie," and that she had a .22 pistol.

When the police arrived, they found the victim lying in the front yard, and appellant standing near the open front door with a .22 pistol in her hand.

As officers were attempting to persuade appellant to surrender the gun, she stated, "I know he's dead. I shot him in the head." Upon lowering the gun, appellant was taken into custody and transported to the police station, where she received the *Miranda* warnings and a statement was taken.

Police also administered a blood alcohol test, which registered .18.

Although her pleading rambles and is not in all respects comprehensible, it appears that appellant raises the following issues:

1. Was it error to admit bullets seized from appellant's purse?
2. Did prejudice result from the composition of the jury?
3. Was appellant denied effective assistance of counsel?
4. Did failure to introduce certain evidence constitute reversible error?
5. Should the trial court have ordered a psychiatric examination?

## I. BULLETS SEIZED FROM APPELLANT'S PURSE

Putting aside for the moment the question of the legality of searching the

purse (although testimony indicated that appellant asked for a cigarette and the officer who gave her one from her purse may have come upon the bullets in a "plain view" manner), we note that in the statement made after appellant had received *Miranda* warnings, she described in detail how she took the purse and gun into the bathroom and then loaded the pistol with bullets from the purse. The court ruled the statement voluntary and it was introduced into evidence.

In view of the foregoing, we are of the opinion that the introduction of the bullets, if error at all, was harmless error, and could not have been more damaging than appellant's own admissions.

■ Moreover, counsel lodged no objection at that time, nor was there a previous motion to suppress under Rule 16.1(b), (c), Rules of Criminal Procedure. Consequently, the point has been waived on appeal. *State v. Marahrens,* 114 Ariz. 304, 560 P.2d 1211 (1977).

## II. COMPOSITION OF JURY

■ Next, appellant asserts a general claim of prejudice because of an all-white jury. The record does not disclose the race of any individual juror and appellant makes no allegation of systematic exclusion of prospective jurors of any race. *State v. Lee,* 114 Ariz. 101, 559 P.2d 657 (1976). Having failed to assert a specific, timely objection, appellant is precluded from raising this point on appeal. *State v. Stoneman,* 115 Ariz. 594, 566 P.2d 1340 (1977).

## III. EFFECTIVE ASSISTANCE OF COUNSEL

■ In the most general terms, appellant impugns the effectiveness of her trial counsel. We disagree. As preface to considering this charge, we must recall that appellant had made extremely damaging admissions to police officers, both on the telephone and at her house, before she was arrested and conferred with counsel. Appellant had admitted that she shot the victim in the head with a .22 pistol, and that

she knew he was dead. When police arrived on the scene, they found appellant with the gun in her hand, a classic example of the "smoking gun" situation. Against this background, we examine the assistance of trial counsel.

From the outset, defense counsel sought to undermine the voluntariness of admissions made by appellant. In spite of counsel's vigorous cross-examination of four police officers at the voluntariness hearing, the court ruled that appellant knowingly and voluntarily made the incriminating statements.

At trial, counsel raised self-defense, provocation (allegedly due to prior acts of violence inflicted on appellant by the victim), intoxication, lack of criminal intent, and lack of specific intent as defenses. In particular, counsel presented every shred of evidence tending to show intoxication, self-defense, and lack of specific intent.

On cross-examination, defense counsel elicited exculpatory statements made by appellant although these were made after the incriminating admissions.

Finally, defense counsel called five witnesses to testify to appellant's good reputation and character.

As a consequence of counsel's efforts, the judge in his special verdict rendered after the mitigation hearing to determine the sentence to be imposed, found the following mitigating factors:

1. Appellant's capacity to appreciate the wrongfulness of her act was significantly impaired, although not sufficiently to constitute a defense to prosecution.

2. Appellant acted under substantial duress, although not sufficient to constitute a defense to prosecution.

In addition, the court further found that the victim had committed previous acts of violence upon appellant and that appellant enjoyed a good reputation in the community.

We feel that the trial court's findings were in large measure due to the efforts of defense counsel and hold that appellant was not denied effective assistance of counsel.

## IV. FAILURE TO INTRODUCE CERTAIN EVIDENCE

The fourth assertion of appellant concerns the failure of the state to introduce into evidence the .22 bullet taken from the brain of the victim.

The medical examiner testified that the bullet was mutilated. Consequently, it would have been worthless for purposes of comparison. Moreover, appellant admitted she fired the pistol once, although denying that she intended to strike the victim. Testimony established that when the gun was taken from appellant, it contained one empty chamber and five live rounds.

In view of appellant's admission, very strong circumstantial evidence as to the origin of the bullet, and failure to timely object, we find no error. *Stoneman, supra.*

## V. PSYCHIATRIC EXAMINATION

Finally, appellant appears to be raising, for the first time, a possible defense of insanity by complaining that the trial court did not order a psychiatric evaluation. The record reflects no factual basis for such a plea and the defense did not request an examination or raise the issue of insanity.

If a defendant presents evidence sufficient to raise a reasonable doubt as to sanity, the burden shifts to the state to prove, beyond a reasonable doubt, that the defendant was sane at the time the criminal act was committed. *State v. Doyle,* 117 Ariz. 349, 572 P.2d 1187 (1977). Appellant presented no evidence of insanity at trial nor does she present any in her appeal. Furthermore, failure to timely allege insanity as a defense under Rule 16.1(b), (c), Rules of Criminal Procedure, forecloses raising it on appeal. *Marahrens, supra.* Nothing in the record even mildly suggests that appellant was insane.

We have assiduously searched the record pursuant to A.R.S. § 13–4035 and find no fundamental error.

The judgment of conviction and the sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.