642 P.2d 482

**STATE of Arizona, Appellee,**

v.

**Larry McSHINE, Appellant.**

**Nos. 1 CA–CR 4974, 1 CA–CR 4976.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 25, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

John F. Flynn, Phoenix, for appellant.

OPINION

NABOURS, Judge.

The appellant was convicted of second degree burglary in Maricopa County in 1979 in cause number CR–105765 and placed on probation.

In April, 1980, appellant was charged in Maricopa County in cause number CR–112489 with first degree burglary and theft of property with a value greater than $100.00.

Following his conviction of first degree burglary and theft in cause number CR–112489, his probation in cause number CR–105765 was revoked and he was sentenced to a term of four years imprisonment upon the original conviction of second degree burglary. In cause number CR–112489, the appellant was sentenced to a term of seven years imprisonment for the burglary and four years imprisonment for the theft, the sentences to run concurrently with each other and with the sentence imposed in cause number CR–105765. This court has jurisdiction in both cases. They have been consolidated in this appeal at the appellant's request.

The facts show that the appellant and an accomplice were seen, by a neighbor of the victim, driving up to the house in a car later identified as belonging to the accomplice. She saw two males around the car and then saw one of them head into the back yard of the victim's residence. Both subjects were later arrested and charged with the crime.

At appellant's trial, the accomplice testified that he had pled guilty to the crime of burglary and had been placed on probation. He then testified that: he and appellant had entered the residence; he used a bayonet found in the yard to pry open a sliding glass door; he and the appellant had entered the house; and he carried the bayonet with him. They determined to steal a microwave oven which was worth approximately $400.00, sell it and divide the proceeds. In addition to the microwave, the appellant carried some smaller items to the car. The microwave oven was later recovered from the accomplice. The fingerprints of both men were found on the metal door frame of the residence. No one was home at the time of the burglary and no one appeared during its progress.

Appellant was charged with first degree burglary and theft and appeals from his conviction on both counts.

Appellant raises three issues on this appeal:

(1) Whether an old, rusty bayonet not attached to a gun or rifle, used by its owner as a garden tool and by an accomplice as a prying tool is a "dangerous instrument" or a "deadly weapon" within the meaning of the statute.

(2) Whether appellant was entitled to a judgment of acquittal by reason of insanity because the State failed to prove beyond a reasonable doubt that he was sane at the time of the offense.

(3) Whether the court erred in failing to give the jury a requested instruction on the effect of their return of a verdict of not guilty by reason of insanity.

The appellant was charged with first degree burglary in violation of A.R.S. § 13–1508, which provides as follows:

§ 13–1508. Burglary in the First Degree; classification

A. A person commits burglary in the first degree if such person or an accomplice violates the provisions of either § 13–1506 or 13–1507 and is armed with explosives, a deadly weapon or a dangerous instrument in the course of committing any theft or any felony. ·

Appellant argues that the bayonet used herein is not a "deadly weapon" or a "dangerous instrument" within the meaning of the statute. He points out that the bayonet was old, rusty, and not attached to a gun or rifle, but was in fact used by its owner as a garden tool and used by the accomplice only as a prying tool. Further, he argues that he did not know the accomplice had or used the bayonet. In this case, the bayonet was a fourteen-inch military bayonet with an eight-inch blade.

A.R.S. § 13–105(9) defines a deadly weapon as follows:

"Deadly weapon" means anything designed for lethal use. The term includes a firearm.

■ We have no difficulty in recognizing that such an instrument was designed for lethal use. It has been held, under the prior criminal code, that knives and bayonets are deadly weapons. *See State v. Corrao,* 115 Ariz. 55, 563 P.2d 310 (App.1977). In the case of a "deadly weapon", as opposed to a "dangerous instrument" under A.R.S. § 13–105(7), there is no requirement that the object be used in a manner capable of causing death or serious physical injury. There is no requirement that the defendant have personal possession of the deadly weapon; it is sufficient that the accomplice has possession of the deadly weapon. A.R.S. § 13–1508; *State v. Spratt,* 126 Ariz. 184, 613 P.2d 848 (App.1980). There is no requirement that a defendant have knowledge of the use of a deadly weapon by his accomplice. In *Gerber, Criminal Law of Arizona* 226 (1978), the author makes the following observations:

Ignorance of an accomplice's armed status is apparently no defense.

\* \* \* \* \* \*

The statute also seems to address an accomplice's armed condition in a strict liability fashion, e.g., it is no excuse that one co-defendant was unaware his companion was armed.

This philosophy is in keeping with the intent of the legislature in the adoption of the present penal code.

The next two questions raised by the appellant go to the issue of the defense of insanity.

Prior to the trial, the appellant raised the question of his competency, and pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 11, he was evaluated for mental competency and it was determined that his mental condition did not prevent him from going to trial.

■ At his trial, the appellant produced one witness to testify to his insanity at the time of the offense. Once having raised the question of insanity, the burden then shifted to the State to prove that the defendant was sane at the time of the criminal act charged. *State v. Doyle,* 117 Ariz. 349, 572 P.2d 1187 (1978).

■ In support of this burden, the State produced two expert witnesses. One was a doctor of psychology and the other a board-certified psychiatrist. Both stated that the appellant was sane at the time he committed the crimes. In addition, the jury heard the testimony of the accomplice and the police officers who could describe the demeanor and actions of the appellant near the time of the offense. This presented a fact question for the jury, which found that the appellant was sane. Where there is substantial evidence to support the verdict of the jury, we are bound by that verdict. *State v. Doss,* 116 Ariz. 156, 568 P.2d 1054 (1977).

The final question presented concerns the appellant's requested instruction in the following terms:

If the jury finds the defendant not guilty by reason of insanity, the trial court shall order the prosecutor to commence civil commitment proceedings against the defendant according to the procedures in Public Health Code.

The trial court refused to give such an instruction, and appellant now argues such refusal was error.

The Arizona Supreme Court has previously ruled that the requested instruction is an impermissible comment on penalty. *State v. Jensen,* 111 Ariz. 408, 531 P.2d 531 (1975); *State v. Doss, supra; State v. Peats,* 106 Ariz. 254, 475 P.2d 238 (1970).

■ Appellant argues that the law as set forth in *State v. Jensen, supra,* was wrongly decided and further that the new criminal code which, to a great extent, limits the judge's discretion in sentencing is a basis for overruling *Jensen.* We are not persuaded that this argument is correct. In addition, this court is not empowered to overturn any decision of the Arizona Supreme Court. *State v. Korte,* 115 Ariz. 517, 566 P.2d 318 (App.1977).

Having found no error, the revocation of probation and sentence in cause number CR–105765 and the entry of judgment of guilt and sentencing in cause number CR–112489 are affirmed.

JACOBSON, P. J., and OGG, J., concur.

NOTE: The Honorable WILLIAM W. NABOURS, Yuma County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 3.