762 P.2d 590

**The STATE of Arizona, Appellee,**

**v.**

**Charles William WEATHERBEE, Appellant.**

**No. 2 CA–CR 87–0327.**

Court of Appeals of Arizona, Division 2, Department B.

April 28, 1988.

Review Denied Oct. 18, 1988.*

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee.

* GORDON, C.J., of the Supreme Court, did not participate in the determination of this matter.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Phoenix, for appellant.

## OPINION

FERNANDEZ, Judge.

In this sexual abuse case, appellant contends the court erred in allowing appellant's older daughters to testify to appellant's prior sexual contacts with them, as well as in admitting hearsay evidence and in failing to excuse a juror for cause. We find no reversible error and affirm.

Appellant was charged with four counts involving his 16–year–old daughter, Anna Maria: kidnapping, two counts of sexual abuse and attempted sexual assault. He was also charged with sexual abuse of his 12–year–old daughter Erica. A jury found him guilty of the two counts of sexual abuse involving Anna Maria and acquitted him of the other counts. Appellant was sentenced to aggravated, consecutive terms of 2.5 years' imprisonment.

Appellant has a total of 14 children from three of his five marriages. The charges of which he was convicted involved the oldest of the five children of his fifth marriage, which was to a Mexican national 32 years his junior. The victim, Anna Maria, testified about daily sexual contact between her and her father. She also testified that she had seen incidents when her father had fondled her two younger sisters. The events she testified to occurred both in the United States and in Mexico, where the family had lived for some years. The victim testified that appellant threatened to hurt her with a pistol he kept under his pillow if she told anyone about the sexual abuse.

The court denied appellant's two motions in limine to preclude the state from introducing evidence of other acts of misconduct. The court permitted the two charged victims to testify to appellant's prior sexual misconduct with them and permitted another daughter to testify as to her father's sexual misconduct with her both while they were in Mexico and while they were in Arizona. In addition, the court permitted two of appellant's daughters from a previous marriage to testify as to appellant's sexual misconduct with them. Sheila, who was 32 years old at the time of trial, was permitted to testify about appellant's misconduct toward her when she was about 13 years old, 19 years prior to trial. Sherry, who was 30 years old at the time of the trial, testified as to appellant's misconduct with her when she was eight to ten years old, which was 20 to 22 years before the trial.

■ At a pretrial hearing, the state presented evidence from Dr. Jean Baker, a clinical psychologist and an expert in the field of abused children, who testified that appellant is a fixated pedophile with an ongoing emotional propensity for sexual aberration. The court ruled that the testimony of the minor daughters, as well as that of the adult daughters, was admissible under the common scheme and emotional propensity exceptions to Rule 404(b), Ariz. R.Evid., 17A A.R.S. Among other arguments, appellant asks us to re-examine the wisdom of the emotional propensity exception to Rule 404(b). This court has no authority to do so. *State v. McShine*, 131 Ariz. 485, 642 P.2d 482 (App.1982).

■ Arizona has long recognized the common scheme and emotional propensity exceptions in cases involving unnatural sex acts. *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973); *State v. Beck*, 151 Ariz. 130, 726 P.2d 227 (App.1986); *State v. Cousin*, 136 Ariz. 83, 664 P.2d 233 (App. 1983). Appellant's acts with all five daughters were similar, involving appellant touching them on their breasts and vaginas, when they were both clothed and unclothed. The incidents began sometime between the ages of eight to 13. There were daily occurrences and sometimes threats of violence. Exact similarity between acts is not required. *State v. Roscoe*, 145 Ariz. 212, 700 P.2d 1312 (1984), cert. denied, 471 U.S. 1094, 105 S.Ct. 2169, 85 L.Ed.2d 525 (1985).

■ The main focus of appellant's contention on appeal is the remoteness in time of the acts contained in the testimony of the two adult daughters. Ordinarily, inci-

dents so remote to the offenses charged would be inadmissible. Under the facts of this case and because there was expert testimony as to appellant's emotional propensity, however, we find the remoteness to be of less concern. Appellant was charged with acts of fondling his young daughters in the family home. The prior bad act testimony was of acts of fondling his young daughters in the family home. One of the reasons for the lengthy time period between the incidents is that appellant left the prior marriage and family, remarried and started a new family with his fifth wife. Thus, it was a number of years before the daughters of the new family reached the appropriate age for appellant to again begin his sexual contacts. We find the facts in this case to be similar to those in *State v. McKinley,* 157 Ariz. 135, 755 P.2d 440 (App.1988); thus, we find that the testimony was properly admitted, since all crimes were similar as to the the type of victim involved, the locale, the type of sex act and the exercise of parental authority by the accused over the victims. See also *Potts v. State,* 427 So.2d 822 (Fla. App.1983) (12–year–old and 18–year–old incidents admissible); *Cox v. State,* 173 Ga. App. 422, 326 S.E.2d 796 (1985) (17 to 22 years); *State v. Maestas,* 224 N.W.2d 248 (Iowa 1974) (six and ten years).

## ADMISSION OF HEARSAY

 Appellant made a hearsay objection when a detective was asked to recount what Erica had told him in an interview. The court overruled the objection, and the detective related that the girl had told him her father had threatened to kill her with a gun. Even though the court erred in overruling the objection, we find the error harmless because both Erica and Anna Maria testified that appellant threatened to kill them with his gun if they told anyone what he was doing to them. Appellant was acquitted of the charge involving Erica. The admissibility of hearsay evidence may be harmless error. *State v. Hutchinson,* 141 Ariz. 583, 688 P.2d 209 (App.1984). This is particularly true when the improperly admitted hearsay is entirely cumulative.

*State v. Williams,* 133 Ariz. 220, 650 P.2d 1202 (1982).

## FAILURE TO EXCUSE JUROR FOR CAUSE

Appellant challenged a venireman for cause even though the juror, after expressing concern about sitting in a case such as this, indicated he could keep an open mind and decide the case based on the evidence. Since the trial judge has the opportunity to observe the jurors firsthand, he has a more immediate grasp of the jurors' expressed feelings and can better assess any bias they might have. Appellant has made no showing of an abuse of discretion in the trial court's ruling. *State v. Cocio,* 147 Ariz. 277, 709 P.2d 1336 (1985).

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.